**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT<br>　　Plaintiff,<br><br>v.<br><br>TERRI KELLEY LUTRICK, INDIVIDUALLY AND AS THE INDEPENDENT EXECUTOR OF THE ESTATE OF JIMMY GENE LUTRICK, DECEASED, BRYAN PRATHER, NICOLE PRATHER, COLT PRATHER, AND BRYAN PRATHER, JR.,<br>　　Defendants. | § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:19-cv-281 |

**<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>**

COMES NOW, U.S. Bank, National Association, not in its Individual Capacity but Solely as Trustee for the RMAC Trust, Series 2016-CTT ("Plaintiff" or "U.S. Bank"), and files this its *Original Complaint* against Terri Kelley Lutrick, Individually and as the Independent Executor of the Estate of Jimmy Gene Lutrick, Deceased, Bryan Prather, Nicole Prather, Colt Prather, and Bryan Prather, Jr. ("Defendants"), and would respectfully show the Court as follows:

**A. PARTIES, JURISDICTION AND VENUE**

1.　　Plaintiff is a national banking association and trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC*

*Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). A national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. 28 U.S.C. § 1348(c); *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). U.S. Bank has its main office in Ohio. Therefore, U.S. Bank is a citizen of Ohio for diversity purposes.

2.      Eugene Lutrick ("Mr. Lutrick") was an obligor under the Loan Agreement. On or about December 28, 2010, Mr. Lutrick died. Upon information and belief, no probate is open for him in Hudspeth County, Texas—the County where he died and where the Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of Mr. Lutrick's estate. Furthermore, upon information and belief, Mr. Lutrick died intestate.

3.      Merele Lutrick ("Mrs. Lutrick" and together with Mr. Lutrick, "Decedents") was an obligor under the Loan Agreement. On or about October 30, 2014, Mrs. Lutrick died. Upon information and belief, no probate is open for her in Hudspeth County, Texas—the County where she died and where the Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of Mrs. Lutrick's estate. Furthermore, upon information and belief, Mrs. Lutrick died intestate.

4.      Jimmy Gene Lutrick ("Jimmy Lutrick") was an heir of the Decedents.  On or about July 4, 2019, Jimmy Lutrick died.  A probate matter was opened for him on July 9, 2019 seeking to probate a written will executed by Jimmy Lutrick on June 21, 2019.  Defendant Terri Kelley Lutrick ("Terri Lutrick") was named the independent executor of the Estate of Jimmy Gene Lutrick and was, thereby, appointed by the probate court as independent executor on July 29, 2019.  Terri Lutrick is hereby named in this suit, both in her individual capacity and in her capacity as independent executor of the Estate of Jimmy Gene Lutrick, Deceased.

5.      Judy Lutrick Prather ("Judy Prather") was an heir of the Decedents. On or about October 12, 2012, Judy Prather died. Upon information and belief, no probate is open for her in Hudspeth County, Texas—the County where she died and where the Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of Mrs. Lutrick's estate. Furthermore, upon information and belief, Mrs. Lutrick died intestate.

6.      Terri Lutrick is an heir of the Decedents in this lawsuit and a citizen of the state of Texas.  She may be served with process at 3212 Lutrick Road, Dell City, Texas 79837, or at such other place as she may be found.  Summons is requested.

7.      Defendant Bryan Prather is an heir of the Decedents in this lawsuit and a citizen of the state of New Mexico.  He may be served with process at 3303 Owen Prather Highway, Pinon, New Mexico 88344, or at such other place as he may be found.  Summons is requested.

8.      Defendant Nicole Prather is an heir of the Decedents in this lawsuit and a citizen of the state of New Mexico.  She may be served with process at 212 Alamo Street, Space 30, Alamogordo, New Mexico 88310, or at such other place as she may be found.  Summons is requested.

9.      Defendant Colt Prather is an heir of the Decedents in this lawsuit and a citizen of the state of Tennessee.  He may be served with process at 10959 Panther Creek Road, Christiana, Tennessee 37037, or at such other place as he may be found.  Summons is requested.

10.     Defendant Bryan Prather, Jr. is an heir of the Decedents in this lawsuit and a citizen of the state of New Mexico.  He may be served with process at 3303 Owen Prather Highway, Pinon, New Mexico 88344, or at such other place as he may be found.  Summons is requested.

9.      In this suit, Plaintiff seeks to foreclose on a lien where the combined amount owed

and the estimated attorney's fees are greater than $75,000.00; therefore, the minimum amount-in-

controversy requirement has been met. Due to Defendants' conduct, as alleged herein, Plaintiff

has the right to foreclose upon the real property which secures the repayment of a debt pursuant

to a Deed of Trust lien.  When seeking foreclosure pursuant to a lien securing the repayment of a

debt, the outstanding amount owed on the debt, as well as accrued interest and estimated

attorney's fees, is the amount in controversy.  *Graham v. Henegar*, 640 U.S. 732, 736 (5th Cir.

1981).  As of March 29, 2019, the outstanding amount owed on the debt at issue was at least

$256,432.87.    Additionally, Plaintiff's counsel anticipates that it will incur $15,000.00 in

attorneys' fees for prosecuting this matter. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864,

874 (5th Cir. 2002). Accordingly, the amount in controversy is in excess of $75,000.00.

10.     There is diversity jurisdiction in this Court because there is complete diversity of

citizenship between Plaintiff (a citizen of Ohio) and Defendants (citizens of Texas, New Mexico,

and Tennessee), and more than $75,000.00 is in controversy in this cause, exclusive of interest

and costs.  28 U.S.C. § 1332.

11.     Venue is proper in this district and division, the United States District Court for

the Western District of Texas, El Paso Division, under 28 U.S.C. § 1391(b)(2) because the real

property that is the subject of this action is situated in this district and division.

## B. FACTS

12.     This proceeding concerns a certain Loan Agreement secured by the real property

and improvements commonly known as 201 East Broadway, Dell City, Texas 79837 (the

"Property"), and more particularly described as follows:

COMMENCING AT THE SOUTHWEST CORNER OF SAID SECTION 23, THENCE EAST ON SAID SECTION LINE A DISTANCE OF 660 FEET TO A POINT;

THENCE NORTH 40 FEET TO THE NORTH R.O.W. LINE OF F.M. ROAD 2249, AND THE POINT OF BEGINNING FOR SAID TRACT;

THENCE EAST ON SAID R.O.W. LINE A DISTANCE OF 210 FEET TO AN IRON PIN;

THENCE NORTH A DISTANCE OF 410 FEET TO AN IRON PIN;

THENCE WEST 210 FEET TO A POINT ON THE EAST LINE OF PLAT 3 OF DELL CITY;

THENCE ALONG SAID EAST LINE SOUTH A DISTANCE OF 410 FEET TO THE PLACE OF BEGINNING AND CONTINUING IN ALL 1.98 ACRES, MORE OR LESS.

13.     On or about May 28, 2003, Eugene Lutrick and Merele S. Lutrick ("Borrowers") executed an Adjustable Rate Note (Home Equity Conversion) ("Note") in the principal amount of $232,344.00 in favor of Wells Fargo Home Mortgage, Inc., a California Corporation ("Wells Fargo").  Concurrently with the execution of the Note, the Borrowers executed a Adjustable Rate Home Equity Conversion Deed of Trust ("Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting Wells Fargo a security interest in the Property.  The Security Instrument was recorded in the official public records of Hudspeth County on June 9, 2003, as Document No. 113284.  True and correct copies of the Note and Deed of Trust are attached hereto as Exhibits A & B.

14.     Wells Fargo transferred and assigned the Security Instrument to the Secretary of Housing and Urban Development ("HUD"), as reflected in an Assignment of Deed of Trust and Other Loan Documents ("First Assignment").  The First Assignment was dated April 27, 2007 and recorded in the real property records of Hudspeth County, Texas on September 14, 2007 as

Document Number 00124963.  A true and correct copy of the First Assignment is attached hereto as Exhibit C.

15.    HUD transferred and assigned the Security Instrument to U.S. Bank, as reflected in an Assignment of Security Instrument ("Second Assignment").  The Second Assignment was dated May 31, 2017 and recorded in the real property records of Hudspeth County, Texas on June 13, 2017 as Document Number 00000145010.  A true and correct copy of the Second Assignment is attached hereto as Exhibit D.

16.    Plaintiff is the current legal owner of the Note and the beneficiary of the Security Instrument pursuant to assignment. Plaintiff is a mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

17.    Under the terms of the Loan Agreement, the Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.  The Loan Agreement further provides that upon the death of the Borrowers, the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

18.    On or around December 28, 2010 and October 30, 2014, the Borrowers died, which is a default under the Loan Agreement.  Because they died intestate, according to the Texas Estates Code, their interests in the Property passed to Defendants.  All of the known heirs of Borrowers have been included as Defendants in this matter.  The deaths of both Borrowers was an event of default under the terms of the Loan Agreement.

19.    Though Defendants have had the use, benefit, and enjoyment of the Property, they have failed or refused to pay the outstanding balance of taxes and/or insurance on the Property.

Notice of default and request to pay the outstanding balance was served in accordance with the

Loan Agreement and the Texas Property Code to Borrowers' last known mailing address.

20.     The default was not cured and a notice that the maturity date of the Note had been

accelerated, thus making all unpaid principal and accrued interest due and payable.

21.     Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce

its security interest in the Property.

### C. CAUSE OF ACTION – DECLARATORY JUDGMENT

22.     The foregoing paragraphs are incorporated by reference for all purposes.

23.     Plaintiff requests a declaration from this Court that it is the owner and holder of

the Note and beneficiary of the Security Instrument.  Plaintiff requests a further declaration from

this Court that, as owner and holder of the Note and beneficiary of the Security Instrument,

Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4),

and is authorized to enforce the power of sale in the Security Instrument through foreclosure of

the Property.

24.     Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory

judgment as a result of the Borrower's failure to comply with the Loan Agreement.  Plaintiff is

therefore entitled to and seeks judgment against Defendants for its reasonable attorney's fees in

this action, both through trial and in the event of a subsequent appeal, as provided by the Security

Instrument signed by Defendant, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

### D. CAUSE OF ACTION – ENFORCEMENT OF STATUTORY PROBATE LIEN

25.     Pursuant to the Texas Uniform Declaratory Judgment Act, Texas Civil Practice

and Remedies section 37.001, Plaintiff seeks a declaration that Plaintiff has a statutory probate

lien against the Property under the terms of the Loan Agreement and Texas law. Texas Estates

Code sections 101.001(b) and 101.051 provide that "the estate of a person who dies intestate vests immediately in the person's heirs at law . . . subject to the payment of, and is still liable for . . . the debts of decedent."

26.     Through Plaintiff's statutory probate lien, reserved in Texas Estates Code sections 101.001 and 101.051, Plaintiff has an enforceable and superior lien against Decedent's Heirs' interests in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien against the Property in accordance with the terms of the Loan Agreement and Texas Property Code section 51.002 or Texas Rule of Civil Procedure 309.

### E. CAUSE OF ACTION - FORECLOSURE

27.     The foregoing paragraphs are incorporated by reference for all purposes.

28.     Plaintiff asserts a cause of action for judicial foreclosure against the Defendants. Plaintiff has fully performed its obligations under the Loan Agreement, however, the Borrowers and Defendants have failed to make the payments required under the Note, which constitutes an event of default.

29.     The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default on the Note.  Accordingly, Plaintiff seeks judgment in its favor and an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

30.     Plaintiff has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of the Defendants' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against them for the reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Deed of Trust signed by Borrowers.

31.     All conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property.

<b>PRAYER</b>

WHEREFORE, PREMISES CONSIDERED, U.S. Bank, National Association, not in its Individual Capacity but Solely as Trustee for the RMAC Trust, Series 2016-CTT requests that the Defendants be cited to appear and answer, and that, upon final hearing, the Court enter a judgment declaring that (1) Borrowers are in default on their obligations on the Loan Agreement and that (2) Plaintiff is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code section 51.0001(4); and (3) authorizing Plaintiff to enforce the power of sale in the Security Instrument through foreclosure of the Property pursuant to Texas Property Code section 51.002, the Note and Security Instrument, or alternatively, judicial foreclosure, and awarding attorney's fees, costs and such other and further relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **GORDON W. GREEN**
    Texas Bar No. 24083102
    ggreen@mwzmlaw.com

    **MACKIE WOLF ZIENTZ & MANN, P.C.**
    14160 N. Dallas Parkway, Suite 900
    Dallas, Texas 75254
    214-635-2650 (Phone)
    214-635-2686 (Fax)

    *Attorneys for Plaintiff*